## HARDY *v.* KIRTLAND.

JUDGMENT.—*Review of.*—*Evidence.*—*Divorce.*—In an action by a wife for a divorce, the plaintiff was granted a divorce, and it was also adjudged that she should pay to her husband a certain sum, and that he should at a certain date leave certain land owned by her on which he was residing. Afterwards, suit by her against him to review and correct said decree, so as to omit that portion thereof relating to the payment of money by her and to his leaving said land, as having been entered by the mistake of the clerk and without the order of the court. Upon the evidence, showing that the pleadings in said action for a divorce involved no issue except the question of the wife's right to a divorce, and showing that in the minutes of the judge on the court docket, which fully showed the various steps taken in the cause, the only minute of the decree was "divorce decreed" (though it appeared from the record in the suit for a divorce that the jury found, in answer to an interrogatory, that before the suit there was an agreement to a separation, that the wife agreed to pay the husband said sum, that the defendant was therefore entitled to said amount, and that he should leave said land at the date fixed by said decree), together with the fact that on general principles such an agreement could not be enforced, and such a decree could not be rendered in a suit for a divorce;

*Held,* that it was proper to so correct the decree.

APPEAL from the Cass Common Pleas.

WORDEN, J.—At the December term of the Court of Common Pleas of Cass county, the appellee, then Frances Hardy, obtained a judgment of divorce against the appellant herein. It appeared at the trial of that cause that the said Frances owned some land on which the said Hugh was residing. It was adjudged, amongst other things, that said Frances pay to said Hugh the sum of two hundred and fifty dollars, and that said Hugh leave the place by the first day of February, 1869.

This suit was brought by said Frances against Hugh to review and correct the decree of divorce thus rendered, in reference to the two hundred and fifty dollars and the said Hugh leaving the place as above stated, alleging that those portions of the decree were entered on the order book by the clerk, through mistake, and without the order of the court, and that the court made no order requiring the said

Frances to pay to said Hugh the money above mentioned, or directing said Hugh to leave the place as above stated, and praying that said entry may be corrected so as to conform to what was ordered by the court. Issue, trial by the court, finding and judgment for the plaintiff, a new trial being denied to the defendant, who excepted.

Three errors only are assigned, first, that the court found against the evidence; second, that the court decided against the law; third, that the court erred in refusing a new trial.

No question is raised by the first and second assignments except what is involved in the third; and under that, no question arises except as to the sufficiency of the evidence to sustain the finding.

We have examined the evidence, and think it fairly justifies the finding of the court. The plaintiff introduced the record of the divorce case in evidence. The ground of the divorce, as stated in the complaint, was cruelty on the part of the defendant, and incompatibity of temper. There were no children of the marriage, and the plaintiff sought no alimony. The only answer on which the cause was tried was the general denial. There was nothing in the issues tried that involved any question of liability of the plaintiff to the defendant in that suit, nor any question as to the occupancy of the plaintiff's land, even if such rights could be settled in a divorce suit. The jury who tried the cause, however, in answer to a question propounded to them, found that "there was an agreement, before this suit, to a separation, and we find that the plaintiff agreed to pay the defendant two hundred and fifty dollars, and we therefore find that the defendant is entitled to the above amount. * * * And. the defendant is to leave the place by the first day of February, 1869."

The plaintiff also gave in evidence the minutes of the judge who tried the divorce case, entered upon the court docket. These minutes show quite fully the various steps taken in the cause from beginning to end, both before and

Hardy *v.* Kirtland.

after the decree.    The minute of the decree is simply, " Divorce decreed."

These notes are so full generally, that we think, under the circumstances, if the judge had intended to grant any other judgment than that of divorce simply, there would have been some note of the further decree entered on his docket.

This view is greatly strengthened by the consideration that the court was not bound to enter the decree for the money, and in reference to the occupancy of the plaintiff's land, because of the finding of the jury above set out.  We have seen that the pleading did not embrace any such question.   Again, the agreement of the plaintiff therein to pay the money, being made while she was *covert*, was void and could not be rightfully enforced against her.   And again, if not void on the ground of . coverture, the agreement of a woman to pay her husband money to get rid of him, where she has to go into court for that purpose, and there succeds, as in this case, in establishing her charge of cruelty, ought not, on general principles, to be enforced against her.

Indeed, we do not well see how the court could have made a decree that the plaintiff in that case should pay the defendant two hundred and fifty dollars, unless it was put upon the ground that she should pay him that sum as *alimony*.   But we believe modern reformers have not yet gone so far in equalizing the sexes as to require the wife, on separation, to pay alimony to the husband.

On the theory that the court did not adjudge anything more than the divorce, we can well see how the clerk inadvertently fell into the error.   He was simply following the verdict of the jury, instead of the minutes of the judge.

The judgment below is affirmed, with costs.

*D. P. Jenkins,* for appellant.